IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SUSAN WELCHLY, ) | |
| ) | Case No. 3:13-cv-0185 |
| Plaintiff, ) | Judge Aleta A. Trauger |
| ) | |
| v. ) | |
| ) | |
| CADENCE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is one of four separate lawsuits filed by the plaintiff, Susan Welchly, against various banks with locations in Tennessee. In this case, defendant Cadence Bank, N.A. ("Cadence") has filed a Motion to Dismiss (Docket No. 25), to which the plaintiff has filed a Response in opposition (Docket No. 31), and the defendant has filed a Reply (Docket No. 32). Also pending before the court is the plaintiff's Motion for Class Certification (Docket No. 22), to which the defendant has filed a Response in opposition (Docket No. 28). For the reasons stated herein, the Motion to Dismiss will be granted and the plaintiff's Motion for Class Certification will be denied as moot.

## BACKGROUND

### I. Overview[1]

---

[1] Unless otherwise indicated, the facts have been drawn from the plaintiff's Complaint (Docket No. 1); the defendant's Motion to Dismiss and related memoranda (Docket Nos. 24-27), and the plaintiff's responses thereto (Docket No. 31); the plaintiff's Motion for Class Certification and related memorandum (Docket Nos. 22-23); and the defendant's Response in opposition to the plaintiff's Motion (Docket No. 28) and related filings, including the Declaration of Brian E. Limbaugh ("Limbaugh Declaration") (Docket Nos. 29-30).

1

According to her Complaint, Susan Welchly is a legally blind woman residing in Tennessee. Cadence is a retail bank headquartered in Birmingham, Alabama. Cadence provides a broad range of banking services, including the operation of automated teller machines ("ATMs") in Tennessee, Alabama, Georgia, Mississippi, Texas, and Florida. Cadence is responsible for ensuring that its ATMs comply with the provisions governing public accommodations set forth in Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* (the "ADA" or "Act"), and its regulations, specifically the 2010 Standards for Accessible Design ("2010 Standards").[2] Welchly alleges that Cadence failed its responsibility to ensure compliance with the 2010 Standards in multiple respects.

Welchly's claims arise from her visit to a single Cadence ATM located on East Main Street in Franklin, Tennessee (the "Franklin ATM") sometime after the 2010 Standards came into effect on March 15, 2012. The Franklin ATM is located approximately 22 miles from Welchly's home. Welchly alleges numerous ADA deficiencies that she claims to have encountered during her visit to the Franklin ATM, including the absence of (1) a voice-guidance feature; (2) Braille instructions for initiating speech mode; and (3) proper tactile symbols on the function keys. Welchly further alleges that Cadence has "centralized policies regarding the management and operation of its ATMs," but does not have a plan or policy that is reasonably calculated to cause its ATMs to be in compliance with the 2010 Standards.

## II. The Action

---

[2] The 2010 Standards require, *inter alia*, that ATMs be voice-enabled, possess tactilely discernible input and function keys, and include instructions in Braille for the initiation of speech mode. As of March 15, 2012, private plaintiffs possess a civil cause of action for violations of the 2010 Standards. *See* 28 C.F.R. § 36.501.

Welchly filed the Complaint in this action on March 4, 2013, seeking (1) a declaratory judgment that Cadence was in violation of Title III of the ADA at the commencement of the action, and (2) injunctive relief directing Cadence to bring its ATMs into full compliance with the ADA. (Docket No. 1.) Cadence answered the Complaint on May 7, 2013, asserting defenses pursuant to Fed. R. Civ. P. 12(b). On September 3, 2013, Welchly filed her Motion for Class Certification (Docket No. 22). A few weeks later, Cadence filed the pending Motion to Dismiss (Docket No. 24).

## ANALYSIS

**I.   Cadence's Motion to Dismiss**

Cadence has moved to dismiss the Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), asserting both factual and facial challenges to Welchly's standing to sue. *See Gentek Bldg. Prods., Inc. v. Sherwin Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). When a defendant attacks subject matter jurisdiction under Rule 12(b)(1), the plaintiff must meet the burden of proving jurisdiction. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). In addition, the district court is empowered to resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994), *cert. denied*, 513 U.S. 868 (1994).

In its factual challenge, Cadence contends that, after it received Welchly's Complaint, it remedied the specific deficiencies alleged by Welchly pursuant to a policy shift organized prior to the effective date of the 2010 Standards. In its facial challenge, Cadence alleges that Welchly has not alleged sufficient facts to support Article III standing.

**A. Welchly's Claims Are Moot**

3

"Under the 'case or controversy' requirement in Article III of the United States Constitution, federal courts only have jurisdiction to decide cases that affect the rights of litigants." *Youngstown Publ'g Co. v. McKelvey*, 189 F. App'x 402, 404 (6th Cir. 2006) (internal citations omitted); *see also McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997). Accordingly, a federal court has no power to adjudicate disputes that are moot. *McPherson*, 119 F.3d at 458. Generally, a defendant's "voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant free to return to his old ways." *Friends of the Earth v. Laidlaw Envt'l Servs., Inc.*, 528 U.S. 167, 189 (2000) (internal quotation omitted). However, although "voluntary cessation" of wrongful conduct does not automatically render a case moot, the case may nevertheless be moot if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated. *See Youngstown*, 189 F. App'x at 405 (citing *Mosley v. Hairston,* 920 F.2d 409, 415 (6th Cir.1990)); *see also Ammex, Inc. v. Cox*, 351 F.3d 697, 705 (6th Cir. 2003). The party asserting mootness bears a "heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to stand up again." *Youngstown*, 189 F. App'x at 405 (citing *United States v. Dairy Farmers of Am., Inc.,* 426 F.3d 850, 857 (6th Cir. 2005)). The burden is significant because courts want to "protect a party from an opponent who seeks to defeat judicial review by temporarily altering its behavior." *Id.*

Cadence's challenge is based on the Limbaugh Declaration, a sworn statement submitted by Cadence's Senior Vice President of EFT & ATM Operations. The Limbaugh Declaration states that Cadence has successfully remedied all of the ADA violations alleged by Welchly in her Complaint at the Franklin ATM. Moreover, Limbaugh submits that all of Cadence's 98

ATMs in operation have been updated or replaced to comply with the 2010 Standards. Limbaugh further states that Cadence has implemented a stringent policy of compliance with the ADA, including monthly tests of each ATM by branch employees and mandatory reporting of test results to Limbaugh's office. Finally, Limbaugh explains that Cadence's efforts at compliance began in July 2011, when it requested that its vendors perform an audit of Cadence's operating ATMs to check for compliance. According to Limbaugh, Cadence's compliance plan was complete as of September 2013. Limbaugh notes that, due to high demand for newly manufactured ADA-compliant ATMs and the limited number of vendors specializing in the installation of ATMs, the process of updating and replacing non-compliant ATMs owned by Cadence (and by other ATM operators) was delayed.

Courts have dismissed cases as moot at any stage in the litigation in which the defendant has demonstrated that the ADA violations have been fully remedied. *See, e.g.*, *Scott v. Cash to Go*, No. 6:13-cv-142, 2013 WL 1786640, at *3 (M.D. Fla. Apr. 26, 2013) (granting Rule 12(b)(1) motion in ADA suit against ATM owner, where owner submitted affidavit stating that subject ATM was replaced with an ADA-compliant ATM and all of the defendant's ATMs were updated or replaced to comply with 2010 Standards); *see also Norkunas v. Tar Heel Capital Wendy's LLC*, No. 5:09-cv-0116, 2011 WL 2940722 (W.D.N.C. July 19, 2011) (finding claims moot and subject to dismissal at Rule 56 stage where it was undisputed that defendant had remedied four out of five alleged ADA violations). Here, with the Limbaugh Declaration, Cadence has met its heavy burden by demonstrating that its allegedly wrongful behavior cannot be reasonably expected to recur. *See Laidlaw*, 528 U.S. at 167.

Welchly does not dispute the declaration's accuracy, authenticity, or Limbaugh's basis of knowledge, and her additional arguments in opposition to the Motion to Dismiss are without

merit.[3] The Limbaugh Declaration sufficiently demonstrates that (1) the deficiencies in Cadence's institutional policies which resulted in the Franklin ATM's incident of noncompliance have been addressed and corrected; (2) Cadence initiated its efforts to reach full compliance with the ADA in July 2011, nine months prior to the effective date of the 2010 Standards; and (3) Cadence has implemented a long-term policy of compliance that includes monthly checks of ATMs by branch managers, with oversight from Limbaugh's office.[4]

Finally, in response to Cadence's clear evidence of compliance, Welchly asks the court to "retain jurisdiction for a period of time to be determined to ensure that the Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law." (Docket No. 31 at 13; Docket No. 1 ¶ 12). Given the undisputed Limbaugh Declaration, the court finds that such continued oversight is unnecessary.

---

[3] The plaintiff argues that the defendant's mootness argument cannot be properly raised by way of a Rule 12 motion, but fails to cite to any binding authority to support this proposition. Welchly similarly fails to distinguish case law cited by the defendant where courts in this circuit have granted dismissals pursuant to Rule 12(b)(1) on the basis of voluntary cessation by the defendant. *See, e.g.*, *Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, 404 F. Supp. 2d 1015, 1016-21 (M.D. Tenn. Dec. 1, 2005) (granting Rule 12(b)(1) motion on grounds that defendants had voluntarily ceased allegedly illegal conduct); *see also Ultimate Smoke, LLC v. City of Kingsport, Tenn.*, No. 2:12-cv-0013, 2013 WL 6713513, at *2 (E.D. Tenn. Dec. 19, 2013).

[4] Welchly urges the court to apply the Eleventh Circuit's three-factor analysis to consider Cadence's assertion that her claims are moot. (Docket No. 31 at 16-17 (discussing *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007) ("*Sheely* test").) The Eleventh Circuit directs courts to assess mootness in a voluntary cessation case by considering (1) whether the challenged conduct was isolated or unintentional, as opposed to continuing and deliberate, (2) whether the defendant's cessation was motivated by a genuine change of heart, and (3) whether the defendant has acknowledged liability. *Sheely*, 505 F.3d at 1184. These factors have not been adopted by the Sixth Circuit. Even assuming *arguendo* that the *Sheely* test is appropriately employed here, the court finds that Cadence has met its heavy burden under the three-factor voluntary cessation doctrine.

Welchly has failed to meet her burden of establishing the court's subject matter jurisdiction. Accordingly, her claims are moot and will be dismissed.[5]

## CONCLUSION

For these reasons, the defendant's Motion to Dismiss (Docket No. 24) is **GRANTED**. The Complaint is **DISMISSED WITH PREJUDICE**. The plaintiff's Motion for Class Certification (Docket No. 22) is **DENIED AS MOOT**.

It is so **ORDERED**.

Enter this 23rd of January 2014.

                                                    ALETA A. TRAUGER
                                                    United States District Judge

---

[5] Because the court concludes that Welchly's claims are moot, it need not reach Cadence's additional arguments related to Welchly's Article III standing.